**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:25-cr-00004

**MICHAEL P. BARKER**

### UNITED STATES' SENTENCING MEMORANDUM

Now comes the United States of America, by Gabriel Price, Assistant United States Attorney for the Southern District of West Virginia and submits this memorandum in aid of sentencing.

Pursuant to a plea agreement, defendant Michael P. Barker pled guilty to a single-count Information charging him with Structuring Financial Transactions to Evade Reporting Requirements, a violation of 31 U.S.C. § 5324(a)(3). The final Presentence Investigation Report (PSR) was submitted to the parties on June 9, 2025. The United States has no objections to the final PSR and is not aware of any objections from the defendant.

**I. Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(A) Nature and Circumstances of the Offense**

During an investigation into a fraudulent scheme to overbill the Boone County Schools of approximately $3,400,000, investigators learned that there were suspicious transactions

involving Mr. Barker and his wife[1]. The transactions involved multiple deposits of amounts just below $10,000. The total amount of cash deposits made, just under the $10,000 amount, added up to $97,215. Investigators also discovered that the cash deposits were combined with other funds, including a $50,000 cashier's check that was provided by their son.[2] The funds were then used to purchase a neighboring residence for Mr. Barker's grandson. When confronted by investigators about the cash deposits Mr. Barker and his wife admitted that they made those deposits in amounts under $10,000 in order to evade the reporting requirements.

Mr. Barker lives close to his son's home. During the time leading up to the purchase of the home, Mr. Barker's son made significant purchases for his property, including building a large three-bay garage, a large amount of paving, a large deck. His son also made large purchases of several pieces of heavy equipment and new expensive vehicles. The fact that Mr. Barker would have observed the extravagant purchases that were clearly above the means of his son's employment and then made the decision to combine his funds with a large amount of funds from his son suggest that he either knew that his son was getting large amounts of money illegally or that he simply decided to remain willfully ignorant

---

[1] Mr. Barker's wife has pled guilty to the same offense in case number 2:25-cr-00005 with sentencing currently scheduled for July 1, 2025.
[2] The son has pled guilty to conspiracy to commit mail fraud in case number 2:24-cr-00194. Sentencing for that case is currently scheduled for October 16, 2025.

of those facts. When viewed in the context of the surrounding circumstances, the nature and circumstances of the offense show that Mr. Barker's conduct in this case was more than just evading reporting requirements it was agreeing to involve himself in a transaction that included funds that were clearly illegitimate.

**II. <u>The Need for the Sentence to Reflect the Seriousness of the Offense, To Promote Respect for the Law, and To Provide Just Punishment for the Offense</u>**

Given the nature of Mr. Barker's conduct and surrounding circumstances, a sentence within the guideline range would be sufficient but not greater than necessary to comply with the purposes of sentencing.

**III. <u>Deterrence</u>**

A sentence within the guideline range will be sufficient to deter Mr. Barker from any continued criminal conduct. A sentence within the guideline range will also deter others in the community from similar criminal conduct. Although the guideline range in this case may be low, a sentence within that range will still have an important impact on others in the local community. The conviction and sentence in this case will send a message to the community to avoid involving oneself in dealings with someone who clearly appears to be involved in nefarious activity based on obvious signs that a reasonable person could observe.

**V. Conclusion**

The United States submits that a sentence within the guidelines range of 0 to 6 months would be appropriate in this case.

The United States does not intend to call any witnesses at sentencing and believes the sentencing hearing can be conducted in thirty minutes.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By: s/ Gabriel Price
GABRIEL PRICE
Assistant United States Attorney
WV State Bar No. 14671
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Phone: 304-345-2200
Fax: 304-347-5104
E-mail: gabe.price@usdoj.gov

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "UNITED STATES' SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 25th day of June 2025, to:

>Tim C. Carrico, Esq.
>1554 Kanawha Blvd. East, Suite 100
>Charleston, WV  25311

>s/ Gabriel Price
>GABRIEL PRICE
>Assistant United States Attorney
>WV State Bar No. 14671
>300 Virginia Street, East
>Room 4000
>Charleston, WV  25301
>Phone: 304-345-2200
>Fax: 304-347-5104
>E-mail: gabe.price@usdoj.gov