IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT WEST VIRGINIA

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 5:25-CR-00004-001

MICHAEL P. BARKER

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Michael Barker, submits this memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at his upcoming sentencing hearing on July 3, 2025.

**A.     No Legal Objections:**

On March 3, 2025, Mr. Barker, pled guilty to a single count information charging him with Aiding and Abetting Structuring Financial Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2 (Class D Felony).  The statutory maximum penalties are not more than five years of incarceration, up to (3) years of supervised release, a maximum fine of $250,000, a $100 special assessment, and forfeiture of 40 Opal Place, Foster, WV 25081.

His advisory guideline range falls within Zone A of the sentencing table at 0 to 6 months of incarceration, and a fine range of $200 to $9,500.  His total offense level is 2, which is arrived at after he receives a 2-level reduction for acceptance of

responsibility, a 2-level reduction for being a zero-point offender, and an 8-level reduction under U.S.S.G. § 2S1.3(b)(3).   His criminal history category is I.   The applicable guideline is U.S.S.G. § 2S1.3.   The government has agreed to accept the payment of $97,215 in lieu of forfeiture of 40 Opal Place, Foster, WV 25081.

**B.**     **18 U.S.C. §3553(a) Factors:**

Mr. Barker respectfully asserts that a sentence of probation comports with the sentencing goals set forth under 18 U.SC. § 3553(a).   Such a sentence would be sufficient but not greater than necessary to achieve the sentencing goals.

**The nature and circumstances of the offense
and the history and characteristics of the defendant.**

Mr. Barker is (68) years old.   Like his Wife, he has lived a law-abiding life with no criminal history.   He retired in 2024 from Appalachian Botanicals.   He was working as a security guard at the time of his retirement.   He has an exemplary employment history prior to retirement.   He has no substance abuse or mental health issues.   He uses a CPAP machine and suffers from cholesterol, high blood pressure, an overactive thyroid, and acid reflux.   He has been married to his wife for approximately 48 years.

He acknowledges that he engaged in the commission of a felony criminal offense.   Importantly, since the commission of the offense he met with government

and voluntarily and truthfully admitted to his offense and relevant conduct. He executed a plea agreement admitting to the charges set forth in the information, and waived prosecution by indictment.

He and his wife tendered $97,215 to undersigned counsel for payment to the United States Marshall Service in lieu of forfeiture of the residence that was purchased for use by their grandson in Foster, West Virginia. The funds were deposited in undersigned counsel's Chase IOLTA account. Undersigned counsel made application with Chase Bank to wire the funds directly to a bank account under the control of the United States Marshall's Services at the government's direction.

Mr. Barker and his wife obtained a loan from Truist Bank to obtain the aforementioned $97,215. Counsel provided proof to the government of the aforementioned application for the wire transfer. Chase Bank reported to undersigned counsel on June 26, 2025, that the funds would be transferred to the United States Marshall Services account by the end of business day.

The forfeiture amount is based upon the specific amount of money that was structured by Mr. Barker and his wife.

Prior to the execution of his plea agreement the Barkers did voluntarily provide the government with their personal financial records in support of their contention that the $97,215 in cash derived from legitimate sources.

Mr. Barker has no criminal history and is a zero-point offender. He has fully complied with the terms and conditions of his release on bond. More importantly, he has taken positive steps to correct his wrongful conduct.

**The need for the sentence to reflect the seriousness of the offense,
to promote respect for the law, and to provide just punishment for the offense.**

Mr. Barker now stand convicted of a federal felony. He and his wife tendered $97,215 to rectify the structuring conduct. Mr. Barker has no criminal history. A sentence of probation will reflect the seriousness of the offense and will promote respect for the law.

**The need for the sentence to afford adequate deterrence to criminal conduct.**

A sentence of probation based on the facts in this case will afford adequate deterrence for criminal conduct.

**The need for the sentence to protect the
public from further crimes of the defendant.**

A sentence of probation with terms and conditions will protect the public from further crimes of the defendant based on his conduct while on bond. It does not appear that that Mr. Barker is likely to commit further crimes nor does the public good require his incarceration.

**The need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Barker is (68) years old and has some health issues. A sentence of probation will allow him to continue with his necessary care from his family physician.

### The kinds of sentences available.

A sentence of probation is appropriate in this case both statutorily and under the federal sentencing guidelines.

### The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set for in the guidelines issued by the sentencing commission that are in effect on the date the defendant is sentenced.

Mr. Barker's advisory guideline range is 0 to 6 months. The sentencing guidelines authorize a sentence of probation.

### Any pertinent policy statements

Not applicable,

### The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The sentence requested by Mr. Barker will not cause an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct.

### The need to provide restitution to any victims of the offense.

Mr. Barker and his wife tendered $97,215 to undersigned counsel to be forwarded to the United States Marshall Services in lieu of forfeiture.

WHEREFORE, in conclusion, Mr. Barker respectfully submits that the sentencing factors under 18 U.S.C. § 3553(a) warrant consideration of a sentence of probation as requested herein. If the Court determines that a form of incarceration is necessary, he will ask the Court to consider home detention rather than imprisonment as a condition of probation. He requests the Court to recommend that he be placed at a facility as close to his home as possible if it determines that incarceration at the BOP is necessary, and in a such case he would ask the Court to allow him to self-report.

Respectfully submitted on June 26, 2025.

                                      **MICHAEL BARKER**
                                      **DEFENDANT**

**By Counsel**

/s/ Tim C. Carrico_____
**Tim C. Carrico, Esq. (WVSB #6771)**
**CARRICO LAW OFFICES, LC**
**1554 Kanawha Blvd. East, Ste 100**
**Charleston, West Virginia 25311**
**Phone: (304) 347-3800**
**Fax: (304) 347-3688**

# CERTIFICATE OF SERVICE

I, Tim Carrico, counsel of record for the defendant, Michael Barker, certify that on June 26, 2025, the foregoing Defendant's Sentencing Memorandum was submitted to the following person via ECF filing:

**GABE PRICE, AUSA**
*(email transmission to gabe.price@usdoj.gov)*

/s/ Tim C. Carrico
**Tim C. Carrico, Esq. (WVSB #6771)**